## Dicken v. Fairchild, et al.

### (Decided June 25, 1926.)

### Appeal from Campbell Circuit Court.

1.  Descent and Distribution—Lands Deeded to Son by Father with Requirements as to Payment of Rent and Consent to Sale Should, on Death of Father Intestate, Have Been Charged to Son as Advancement.—Where decedent had executed deed to son, although rquiring payment of reasonable rent therefor, and forbidding sale by son without his consent, on death of father intestate land should have been charged to son as advancement at value when made, together with value of improvements placed thereon by decedent.

2.  Descent and Distribution—Where Land which Should Have Been Charged to Son as Advancement was Sold, and Purchaser Obtained Title Upon Confirmation, Son Held Entitled, on Distribution, to What Land Brought.—Where, on death of father intestate, son was entitled to have land charged to him as advancement, but it was sold as part of father's estate, sale confirmed, and purchaser given title, son held entitled, on distribution, to what land brought when it was sold.

BLAINE McLAUGHLIN for appellant.

WILLIAM A. BURKAMP and BRENT SPENCE for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

The appellant complains because in a suit for the settlement of the estate of E. M. Dicken, 25⅞ acres of land belonging to appellant was adjudged to belong to E. M. Dicken, and sold as his property. On January 28, 1895, a deed was made, acknowledged and recorded, by which E. M. Dicken conveyed to his son, Jesse Dicken, this 25⅞ acres of land, in which deed there was inserted a clause forbidding Jesse Dicken to sell this land without the consent of E. M. Dicken, and required him to thereafter pay to E. M. Dicken a reasonable rent therefor.

E. M. Dicken died on November 4, 1921, intestate, and his property passed as follows: One-fifth to this son, Jesse Dicken, one-fifth to each of his three living daughters, and the other fifth to the children of a deceased daughter. In the suit brought to settle his estate, it was recited that E. M. Dicken had made the deed above mentioned, but that Jesse Dicken had never taken possession of the land, and had never paid any rental therefor, and had abandoned the transaction. Jesse Dicken denied the allegation about possession, denied he had abandoned the transaction, or had failed to pay the rent. The trial court found against him, and ordered this land sold, and it was sold as a part of the estate of his father. This was error. "The divestiture of a vested legal title by abandonment is unknown at the common law, unless it result from some estoppel or adverse possession under a statute of limitations." Tenn. Oil, Gas & Mineral Co. v. Brown, et al., 131 Fed. 696. The sale has been confirmed, and the purchaser has title to the land. The trial court should have sustained his claim and charged this land to Jesse Dicken as an advancement, at the price which it was worth when the advancement was made. Jesse Dicken should also be charged with the value of any improvements placed upon this land by E. M. Dicken, and he is now entitled to have what this land brought when it was sold. The trial court will have to modify the order of distribution in order to accomplish this.

The judgment is reversed, and the cause remanded, that this may be done.